## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Laury I. Gust, | Civ. No. 08-1080 (MJD/JJK) |
| Plaintiff, | |
| v. | |
| Michael J. Astrue, Commissioner of Social Security, | **REPORT AND RECOMMENDATION TO DISMISS FOR LACK OF PROSECUTION** |
| Defendant. | |

Laury I. Gust, 48579 Falcon Ave., Rush City, MN  55069, *pro se.*

Lonnie R. Bryan, Assistant United States Attorney, counsel for Defendant.

## INTRODUCTION

This matter is before this Court for a report and recommendation to the District Court on whether this case should be dismissed for lack of prosecution. *See* 28 U.S.C. § 636(b)(1) and Local Rule 72.1.  For the reasons stated below, this Court recommends that Plaintiff's Complaint (Doc. No. 1) be dismissed without prejudice for lack of prosecution.

## BACKGROUND

On April 17, 2008, Plaintiff filed a Complaint against Defendant and a Motion for Leave to Proceed *in forma pauperis*.  (Doc. Nos. 1, 2.)  On April 18, 2008, the Court granted Plaintiff's *in forma pauperis* application and directed service of the Summons and Complaint on Defendant.  (Doc. No. 3.)  On July 1,

2008, Defendant filed its Answer to the Complaint and submitted the underlying Administrative Record.  (Doc. Nos. 7, 8.)  On August 12, 2008, Plaintiff filed a Motion for Enlargement of Time in which to File Plaintiff's Motion for Summary Judgment.  (Doc. No. 9.)  On August 15, 2008, the Court issued an Order granting Plaintiff's request.  (Doc. No. 11.)  In that Order, the Court stated, "Plaintiff must file his motion for summary judgment on or before December 1, 2008."  (*Id.*)  As of January 21, 2009, Plaintiff has not filed his motion for summary judgment, nor has Plaintiff requested more time to do so.

## DISCUSSION

The facts and circumstances of each case should be evaluated to determine if dismissal for failure to prosecute is warranted.  *Navarro v. Chief of Police, Des Moines, Iowa*, 523 F.2d 214, 217 (8th Cir. 1975).  This case should be dismissed without prejudice.  Local Rule 7.2 states:

> (b)  Motions—Time Limits
>
> (1)  Within 60 days of the filing and service of the answer and transcript, plaintiff shall file with the Clerk of Court and serve on defendant a motion for summary judgment and a memorandum of law in support . . . .

Local Rule 7.2 (b)(1).

Here, Plaintiff did not file and serve a motion for summary judgment on or before December 1, 2008, which was the deadline provided by the Court upon granting Plaintiff an extension beyond the 60-day requirement provided in the Rules.  Nor has Plaintiff requested a further extension, or communicated with this

2

Court in any way, since that deadline has passed.  Because of the lack of compliance by Plaintiff, this Court recommends dismissing this case without prejudice.

## RECOMMENDATION

For the reasons stated, this Court recommends that:

1. Plaintiff's Complaint (Doc. No. 1) be **DISMISSED WITHOUT PREJUDICE**.

Date: January 22, 2009

*s/Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **February 5, 2009**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.